IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. WOLF                                                    PLAINTIFF

V.                                      NO. 12-3035

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration              DEFENDANT

### MEMORANDUM OPINION

Plaintiff, David A. Wolf, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed his applications for DIB and SSI on December 22, 2010, alleging an

inability to work since August 1, 2006, due to "1. Ruptured and bulging discs in back, arthritis,

high bp 2. Anxiety." (Tr. 115-127, 144, 148). An administrative hearing was held on September

22, 2011, at which Plaintiff appeared with counsel, and he and his son testified. (Tr. 21-54).

By written decision dated November 4, 2011, the ALJ found that Plaintiff had an

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner  Michael J. Astrue as the defendant in this suit.

-1-

impairment or combination of impairments that were severe - disorder of the back.  (Tr. 12).

However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's

impairments did not meet or equal the level of severity of any impairment listed in the Listing

of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14).  The ALJ found

Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he
> is limited to occasional climbing, balancing, crawling, kneeling, stooping, and
> crouching.

(Tr. 14).  With the help of the vocational expert (VE), the ALJ determined that Plaintiff was

unable to perform any past relevant work, but that there were other jobs Plaintiff could perform,

such as cashier II, machine tender, and assembler. (Tr. 19 ).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied the request on January 31, 2012.  (Tr. 1-3). Subsequently Plaintiff filed this action. (Doc.

1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both

parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

-3-

economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138,

1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.  Discussion:

What causes the Court concern is the fact that on May 4, 2011, an MRI of Plaintiff's

lumbar spine without contrast was performed, and the impression was:

> 1. Centrally protruding disk at the L5-S1 level, indenting the thecal sac
> but not causing marked central canal or neural foraminal stenosis.
> 2. Herniated nucleus pulposus eccentric to the left, compressing the left
> nerve root at the L4-L5 level.

(Tr. 316).   In his decision, the ALJ first determined that Plaintiff's back disorder did not have

an impairment or combination of impairments that met or medically equaled the severity of one

of the listed impairments. (Tr. 14). He indicated that he considered the listed impairments related

to the musculoskeletal system found in Section 1.00 in making his decision.  (Tr. 14).  However,

the ALJ failed to sufficiently address the nerve root compression at the L4-L5 level.  In Listing

1.04, Disorders of the Spine, the regulations provide:

> 1.04 - *Disorders of the spine* (e.g. herniated nucleus pulposus,...resulting
> in compromise of a nerve root...or the spinal cord, With:
>> A. Evidence of nerve root compression characterized by neuro-
>> anatomic distribution of pain, limitation of motion of the spine,
>> motor loss (atrophy with associated muscle weakness or muscle
>> weakness) accompanied by sensory or reflex loss and, if there is
>> involvement of the lower back, positive straight-leg raising test
>> (sitting and supine); or ...

20 C.F.R. Part 404, Subpart P, Appendix I.

As there is evidence of nerve compression, the Court is of the opinion that the ALJ

-4-

should have more carefully considered and more thoroughly addressed whether Plaintiff's back disorder met the listing.

In addition, later in his decision, the ALJ addressed the MRI results as follows:

> A herniated nucleus pulposus eccentric to the left, compressing the left nerve root at the L4-L5 level was also indicated. It was noted that although the claimant complained of right leg pain, it was the left nerve root that was compressed. (Exhibits 8F and 12F).

(Tr. 17).  The Court does not believe this to be a sufficient reason to dismiss the MRI finding of nerve root compression.

Accordingly, the Court finds there is not substantial evidence to support the ALJ's decision, and finds remand is necessary in order for the ALJ to more carefully consider and address Plaintiff's back impairment in light of the nerve root compression revealed in the MRI. The ALJ should also obtain a Physical RFC Assessment from an examining physician.

## IV.    Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 24th day of June, 2013.


/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)